UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF BOILERMAKERS' AND
BLACKSMITHS' LODGE 169 VACATION
FUND, TRUSTEES OF BOILERMAKERS'
AND BLACKSMITHS' LODGE 169 EMPLOYEE
SECURITY FUND, TRUSTEES OF
BOILERMAKERS' AND BLACKSMITHS'
LODGE 169 SICK AND DISABLED FUND,                    Civil Action No. 14-14477
TRUSTEES OF BOILERMAKERS' AND                        Honorable Stephen J. Murphy, III
BLACKSMITHS' LODGE 169 TRAINING                      Magistrate Judge David R. Grand
AND WELDING CERTIFICATION FUND,
TRUSTEES OF BOILERMAKERS' AND
BLACKSMITHS' LODGE 169 SUPPLEMENTAL
WELFARE FUND, and BOILERMAKERS'
AND BLACKSMITHS' LODGE 169,

                            Plaintiffs,

v.

CREATIVE COMPOSITES, INCORPORATED
and BRAD McPHEE,

                            Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT [12]

**I.     RECOMMENDATION**

Before the Court is Plaintiffs' motion for entry of default judgment against Defendants

Creative Composites, Incorporated and Brad McPhee (collectively "Defendants") (Doc. #12),

which was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C.

§636(b)(1)(B) (Doc. #13).  Defendants have not appeared in this matter, nor have they filed a

response to Plaintiffs' motion.

For the following reasons, the Court RECOMMENDS that Plaintiffs' motion for entry of

default judgment (Doc. #12) be GRANTED.

## II.     REPORT

### A.     Background

As Defendants have not appeared or otherwise responded in this action, for purposes of this motion all of Plaintiffs' alleged facts are taken as true. *See Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visoneering Constr. v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)).

Most of the plaintiffs in this action are benefit trust funds that are established and administered pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. §186, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.* (Doc. #1 at ¶1). These plaintiffs include: Trustees of the Boilermakers' and Blacksmiths' Lodge No. 169 Vacation Fund; Trustees of the Boilermakers' and Blacksmiths' Lodge No. 169 Employee Security Fund; Trustees of the Boilermakers' and Blacksmiths' Lodge No. 169 Sick and Disabled Fund; Trustees of the Boilermakers' and Blacksmiths' Lodge No. 169 Training and Welding Certification Fund; and Trustees of the Boilermakers' and Blacksmiths' Lodge No. 169 Supplemental Welfare Fund (collectively the "Funds"). (*Id.*). The remaining plaintiff – the Boilermakers' and Blacksmiths' Lodge No. 169 ("Local 169") is a labor organization, as defined in the National Labor Relations Act, 29 U.S.C. §152(5). (*Id.* at ¶2).

On November 24, 2014, Plaintiffs brought suit against Defendants, seeking delinquent fringe benefit contributions required to be paid under the terms of a collective bargaining agreement ("CBA") entered into on August 31, 2013, between Local 169 and Creative Composites, Incorporated (of which Defendant McPhee is the principal owner and officer). (Docs. #1, 12-1). According to Plaintiffs, Creative Composites is required to contribute certain set sums to the Funds for every hour worked by its employees. (Doc. #12 at 4). Plaintiffs assert

2

that Creative Composites has failed to comply with its contractual and statutory obligations by failing to file fringe benefit reports, and by failing to pay the fringe benefit contributions due on behalf of each employee.  (*Id.*).  Plaintiffs further assert that Defendants have failed to pay to the Funds monies held in trust and covered by the Michigan Building Contract Fund Act, M.C.L. §570.151, *et seq*.  Finally, Plaintiffs allege that McPhee has breached his fiduciary duty under ERISA by directing that Creative Composites' assets, which were owed to the Funds, be paid to other creditors.  (Doc. #1).  In their complaint, Plaintiffs seek to compel an audit to determine the amounts owed to the Funds by Defendants, and an order directing payment of such amounts. (*Id.*).

Copies of the summons and complaint were served on Defendants on December 16, 2014.  (Docs. #5, 6).  On January 26, 2015, the Clerk entered defaults against Defendants, pursuant to Fed. R. Civ. P. 55(a), for their failure to respond to the summons and complaint. (Docs. #10, 11).  On June 17, 2015, Plaintiffs filed the instant motion for entry of default judgment.  (Doc. #12).  In their motion, Plaintiffs seek a judgment requiring Defendants to: (a) submit to an audit; (b) submit contribution reports for the period of August 30, 2013, to the present; and (c) remit benefit contributions due for the same period.  (*Id.*).  Defendants have not responded to this motion.  The Court has carefully considered the relevant briefing and pleadings and dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f)(2).

### B.    Legal Standards

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  After default has been entered, the party seeking relief from the defaulting party may apply for a default judgment.  *See* Fed. R. Civ. P.

3

55(b).  An application for a default judgment may be made to the Clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . ."  Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Unless the party against whom a default judgment is sought is a minor or incompetent, notice of the motion is not required.  *See* Fed. R. Civ. P. 55(b)(2).

Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, case law indicates that the Court must exercise "sound discretion" when determining whether to enter a judgment.  *State Farm Bank v. Sloan*, 2011 WL 2144227, *2 (E.D. Mich. May 31, 2011); 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* §2685 (3d ed. 1998).  As set forth above, once a default is entered, well-pleaded allegations in the plaintiff's complaint, except those pertaining to the amount of damages, are taken as true.  *Alfa Corp. v. Alfa Mortgage, Inc.*, 560 F. Supp. 2d 1166, 1174 (M.D. Ala. 2008) (citing *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *see also Trice v. Lake & County Real Estate*, 1987 WL 38852, at *2 (6th Cir. Oct. 29, 1987) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.")).  Nevertheless, the Court still has an obligation to assess whether the factual allegations are legally sufficient to state the alleged cause of action.  *See In re Industrial Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) ("While a default constitutes an admission of all the facts 'well pleaded' in the complaint, it does not admit any conclusions of law alleged therein, nor establish the legal sufficiency of any cause of action …. [I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in

4

default does not admit mere conclusions of law.").

**C.  Analysis**

*1.  Jurisdiction*

Before entering a default judgment, the Court must determine whether it has jurisdiction over the case and the parties.  *See Ford Motor Co.*, 441 F. Supp. 2d at 845.  Here, the Court first finds that it has subject matter jurisdiction; Plaintiffs have sufficiently alleged federal question jurisdiction, as their claims allege violations of federal law (ERISA).  (Doc. #1).  The Court must also "determine whether it has jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case."  *Ford Motor Co.*, 441 F. Supp. 2d at 845.  In this case, the Court concludes that it has personal jurisdiction over the Defendants.[1] Defendant Creative Composites is a Michigan corporation, doing business in Rapid River, Michigan.  (Doc. #1 at ¶3).  And, Defendant Brad McPhee, as the principal owner and officer of Creative Composites, also does business in the state of Michigan, and was served at Creative Composites' business address within the state.  (*Id.* at ¶4; Doc. #5 ).  Therefore, the Court finds it appropriate to exercise personal jurisdiction over Defendants.

*2.  Liability and Damages*

As outlined above, Defendants have, by default, admitted all well-pleaded allegations Plaintiffs' complaint.  The Court finds that the allegations set forth in Plaintiffs' complaint, as discussed in detail above, are sufficient to establish that Defendants violated ERISA by: (a) failing to file fringe benefit reports; (b) failing to pay required fringe benefit contributions; and (c) failing to pay to the Funds monies held in trust and covered by the Michigan Building

---

[1] The Court also has personal jurisdiction over the Plaintiffs.  Local 169 is a labor organization with its principal place of business in Michigan, and the Funds are joint trust funds established to serve Local 169's members.  (Doc. #1 at ¶1).  Moreover, Plaintiffs have consented to this Court's jurisdiction by filing an action here.

Contract Fund Act.

The total sum of money involved in the dispute between Plaintiffs and Defendants in this case is not susceptible of precise enumeration at this point.  However, the monies at issue consist of nearly two years of fringe benefit contributions on behalf of Creative Composites' employees. Under the circumstances, then, it certainly appears that there has been a complete and purposeful failure to comply with the obligations imposed upon Defendants by both the CBA and by ERISA.  Plaintiffs' members have been (and continue to be) prejudiced by Defendants' failure to contribute to the Funds.  For these reasons, it is appropriate to order Defendants to: (1) produce the books and records necessary to conduct an audit and submit to such an audit; (2) submit contribution reports for the period of August 30, 2013, to the present; and (3) remit benefit contributions due for the same period.

## III.     CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiffs' Motion for Entry of Default Judgment **[12]** be **GRANTED** and that judgment be entered in favor of Plaintiffs and against Defendants in this matter.  **IT IS FURTHER RECOMMENDED** that Defendants be **ORDERED** to: (1) produce the books and records necessary to conduct an audit and submit to such an audit; (2) submit contribution reports for the period of August 30, 2013, to the present; and (3) remit benefit contributions due for the same period.


Dated: August 12, 2015                              s/David R. Grand
Ann Arbor, Michigan                              DAVID R. GRAND
                                                           United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and

2:14-cv-14477-SJM-DRG   Doc # 14   Filed 08/12/15   Pg 7 of 7   Pg ID 83

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

Dated: August 12, 2015

7